UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| LAZARO GUZMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASON PICKETT,<br><br>　　　　　Defendant. | Case No.  20-cv-04067-RMI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

　　　　Petitioner Lazaro Guzman, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the court will require Respondent to show cause why the petition should not be granted and why the writ should not issue.

　　　　This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Bell v. Cone*, 535 U.S. 685, 693 (2002). A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

　　　　Petitioner was convicted in state court of various sex offenses involving minors. *See* Pet. (dkt. 1) at 12. By virtue of the conviction, Petitioner was sentenced to serve a number of consecutive terms of 15 years to life, and a number of consecutive 30-year terms. *Id*. In the course of his direct appeal, Petitioner presented claims, *inter alia*, alleging due process violations as a result of a number of the trial judge's rulings and instructions. *Id*. at 14. Following his mostly

unsuccessful direct appeal, Petitioner did not engage in any state habeas corpus litigation *Id*. The instant Petition largely advances his rejected direct appeal claims, as well as a claim of cumulative due process error. *See id*. at 3-5, 14-15 Specifically, Petitioner alleges: (1) that the consolidation of two of his offenses operated to violate his due process rights due to prejudicial spill-over, confusion of the issues, propensity, and the combining of a strong case with a weak case (*see id*. at 47-64); (2) that the admission of hearsay testimony about his propensity for criminal conduct violated his due process right to a fair trial (*see id*. at 64-80); (3) that permitting non-expert opinion on the significance of Petitioner's demeanor during an interview likewise violated his right to a fair trial (*see id*. at 81-39); (4) that the trial court's instructions operated to deprive him of his right to a fair trial (*see id*. at 85-97); and (5) that the cumulative effect of the above-described errors amounted to a due process violation (*see id*. at 97). Because the Petition states cognizable claims for relief, and, good cause appearing therefor, the court hereby **ORDERS** the following:

1. The Clerk of the Court shall serve a copy of this Order and the Petition and all attachments thereto upon Respondent and Respondent's counsel, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner and Petitioner's counsel.

2. Respondent shall serve and file with the Court, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, in which Respondent is directed to show cause why the Petition should not be granted and why a writ of habeas corpus should not issue. Respondent shall serve and file with the Answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3. Respondent may elect to serve and file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with

the court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and Respondent may file with the court and serve on Petitioner a reply within fifteen (15) days of receipt of any opposition.

**IT IS SO ORDERED.**

Dated: December 8, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge